

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-16,721-11; WR-16,721-12; WR-16,721-13; WR-16,721-14

### EX PARTE RONALD DALE EITEL, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 364014-E; 356103-E; 364015-E 356099-E
### IN THE 263RD DISTRICT COURT FROM HARRIS COUNTY

*Per curiam.* KELLER, P.J. filed a concurring opinion, joined by SLAUGHTER, J. YEARY, J. filed a concurring opinion joined by SLAUGHTER, J.

### O R D E R

Applicant was convicted of two counts of rape and two counts of aggravated sexual abuse and sentenced to twenty years' imprisonment on the rape charges and sixty years' imprisonment on the aggravated sexual abuse charges. The First Court of Appeals affirmed his convictions. *Eitel v. State*, Nos. 01-82-00880-CR; 01-82-00881-CR; 01-82-00882-CR; 01-82-00883-CR (Tex. App.—Houston [1st Dist.] Nov. 23, 1983)(not designated for publication). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

These applications were file-stamped in Harris County on October 4, 2013. An order

designating issues was signed by the trial judge on November 4, 2013. These applications were not received by this Court until October 18, 2022. There is no indication in the record of any action by the trial court after the order designating issues was signed. Nor is there any indication as to why these applications were pending in Harris County for so long without any action by the clerk or the trial court.

Applicant contends that his plea was involuntary because counsel told him that the forensic serology testing did not exclude him as the perpetrator of the assaults when actually five of the six tests excluded him as a possible contributor. Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. United States*, 397 U.S. 742 (1970). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

As a preliminary matter, the trial court shall make findings of fact as to why no action was taken by the trial court or the clerk between the entry of the order designating issues and the forwarding of the application to this Court. The trial court shall obtain a response from Applicant as to whether Applicant still wants to pursue these applications, and shall include that response in the supplemental record. If the trial court is unable to obtain such a response from Applicant, the trial court shall detail the efforts made to obtain a response from Applicant. The trial court shall then return the application to this Court.

If Applicant indicates that he does want to pursue these applications, the trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant

is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings as to whether this application meets an exception to the bar on subsequent applications under TEX. CODE CRIM. PROC. art. 11.07 §4. The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea was involuntary. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: December 7, 2022
Do not publish